UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

JONNA BUTLER,

    Plaintiff,

                                CASE NO: 21-1253

vs.

CRYSTAL HOSPITALITY, LLC,

    Defendant.

                                          /

## COMPLAINT

Plaintiff, Jonna Butler ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues Crystal Hospitality, LLC, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2. Venue is proper in this Court, the District of Kansas pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the District of Kansas.

3. Plaintiff, Jonna Butler (hereinafter referred to as "Butler") is a resident of the State of Illinois and is a qualified individual with a disability under the ADA. Butler has what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she has cerebral palsy and requires the use of a wheelchair for mobility and has limited use of her upper extremities. Prior to instituting the instant action, Butler has regularly traveled to Leavenworth Kansas to visit

and care for family members who reside there and has patronized the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject property of Defendant due to its lack of compliance with the ADA, and more specifically, those barriers listed in Paragraph 11, below, that Butler personally encountered. Butler continues to desire and intends to regularly visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant Crystal Hospitality, LLC, is a limited liability company registered to do business and, in fact, conducting business in the State of Kansas. Upon information and belief, Crystal Hospitality, LLC, (hereinafter referred to as "Crystal Hospitality") is the owner, lessee and/or operator of the real property and improvements that is the subject of this action, specifically the Hampton Inn hotel located at 405 Choctaw Street, Leavenworth, Kansas (hereinafter referred to as the "Hotel").

5. All events giving rise to this lawsuit occurred in the District of Kansas.

## COUNT I - VIOLATION OF THE ADA

6. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Hotel owned by Crystal Hospitality is a place of public accommodation in that it is a hotel operated by a private entity that provides goods and services to the public.

8. Defendant Crystal Hospitality has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal

enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Hotel in derogation of 42 U.S.C §12101 *et seq*.

9.  The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Hotel owned by Crystal Hospitality. Prior to the filing of this lawsuit, Plaintiff visited the Hotel at issue in this lawsuit on or about July 10. 2021, and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact as a result of the barriers listed in Paragraph 11, below, that she personally encountered. In addition, Plaintiff continues to desire and intends to regularly visit the Hotel to visit with family members who reside in Leavenworth, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access that remain at the Hotel in violation of the ADA. Butler has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11. Crystal Hospitality is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

**Barriers in First-Floor Accessible Room with a Roll-in Shower**

(i)   There are no grab bars provided in the roll-in shower.

(ii)  The shower spray unit is located too high and out of reach of a wheelchair user.

(iii) The shower spray unit is located to far away from the fixed bench and out of reach

(iii) of a wheelchair user seated on the shower's bench.

(iv) The shower bench is not level but slants forward and is slick so that a wheelchair user requires use of her legs to remain on the bench without slipping off.

(v) The soap dish is located on the far side of the shower, out of reach of a wheelchair user seated on the shower's bench.

(vi) The lavatory/vanity are too high for a wheelchair user.

(vii) There is insufficient knee clearance under the lavatory vanity for a wheelchair user.

(viii) The shelf above the vanity where soaps and shampoos are provided is too high and out of reach for a wheelchair user.

(ix) The mirror is mounted to high for a wheelchair user.

**Barriers in the Second-Floor Accessible Room with a Bathtub**

(x) The bathtub has only one grab bar that is mounted too high and out of reach for a wheelchair user.

(xi) The tub lacks a fixed bench or removable seat that is stable in use.

(xii) The lavatory/vanity are too high for a wheelchair user.

(xiii) There is insufficient knee clearance under the lavatory vanity for a wheelchair user.

(xiv) The shelf above the vanity where soaps and shampoos are provided is too high and out of reach for a wheelchair user.

(xv) The mirror is mounted to high for a wheelchair user

12. There are other current barriers to access and violations of the ADA at the Hotel owned and operated by Crystal Hospitality that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, Crystal Hospitality was required to make its Hotel, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, Crystal Hospitality has failed to comply with this mandate.

15. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Crystal Hospitality pursuant to 42 U.S.C. §12205.

16. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against Crystal Hospitality and requests the following injunctive and declaratory relief:

    A. That the Court declare that the property owned and administered by Crystal Hospitality, LLC is violative of the ADA;

    B. That the Court enter an Order directing Crystal Hospitality, LLC to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. That the Court enter an Order directing Crystal Hospitality, LLC to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

    D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

    E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 26th day of October, 2021.

       */s/ David P. Calvert*
       David P. Calvert
       Kansas State Bar No.: 06628
       532 N. Market Street
       Wichita, Kansas 67214
       Telephone:  (316) 269-9055
       Email: lawdpc@swbell.net

## **Designation of Place of Trial**

Plaintiff designates Wichita, Kansas, as the place of trial.

       DAVID P. CALVERT, P.A.


       By: /s/ David P. Calvert
        David P. Calvert, #06628